*THOMPSON vs MORRIS.*

his agreement to rely on title only.

---

## Thompson *vs* Morris.

ERROR TO THE CLARKE CIRCUIT.

*Sheriff's return. Service of process.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

MASON MORRIS, assignee, sued *John H. Tribble* and *Hainey Thompson* as joint obligors in a promissory note.

The process being returned "executed on *Thompson*," but "*not found*" as to *Tribble*, the Circuit Court abated the suit as to the latter, and rendered judgment against *Thompson*, after overruling his motion to quash or compel the sheriff to amend the return of "not found," on the ground that it was false.

Whether the Circuit Judge erred in overruling that motion, is the only question presented for revision.

It appears that early on the morning of the return day, *Morris'* attorney met the sheriff on his way from the country to Court, and took from him the process, endors-

DEBT.

*Case 15.*

*September 21.*

The case stated.

Thompson
vs
Morris.

ed as it was, when the judgment was rendered, and that, immediately on the arrival of the sheriff in *Winchester,* where the Court was to be held, and before the process had been returned to the clerk's office, *Tribble* presented himself and required the sheriff not to return as to him, "not found."

Upon these facts it seems to this Court that the return "not found" was improper and should have been either quashed by the Circuit Judge, or amended by the sheriff so as not to have permitted the abatement as to *Tribble,* and the judgment against *Thompson* alone.

It is the duty of a sheriff having original process, when the same can be served before the return day has passed and before actual return thereof to the clerk's office, to serve the same on all the defendants.

As it was the official duty of the sheriff to execute the process, if he could, before he had actually returned it on the return day thereof, either the return, as made in this case, was false or the attorney of *Morris* prevented the officer from doing his legal duty and returning the truth and upon either hypothesis, *Morris* had no right to the judgment against *Thompson* alone, and the Circuit Court ought to have directed the sheriff to return the special facts as they had occurred, and which, if substituted, as they should have been, for "not found," would not have authorized the abatement as to *Tribble.* The statutory privilege of abating as to a co-obligor, upon a proper return of "not found," as to him, should be carefully guarded against perversion from its just purpose to the injury of a party whom it was never intended to affect, *when his co-obligor could, by reasonable vigilance, be served with process at any moment before the return day had passed, and before the actual return to the clerk's office.*

Sheriff's return of 'not found' on original process, if proved to the Court to be false, should be quashed, or amended so as to conform to the truth of the case.

It is not material to enquire whether there is any cause for inferring that *Tribble* had intentionally eluded the sheriff, so as to prevent a judgment against himself at the appearance term; for, as there is no reason for apprehending any connivance by *Thompson, he* should not be prejudiced by the improper conduct of another, over whom he had no control, and with whom he does not seem to have colluded.

It is, therefore, considered that the judgment be reversed and the cause remanded, with instructions to quash the return of "not found," as to *Tribble.*

*Caperton and Houston* for plt'f; *Hanson* for def't.