JOHN D. KINNAIRD, ET AL., *v.* SAMUEL SHANNON.

**Sheriff's Return Conclusive.**

> Where land is levied upon and sold by the sheriff, all that as a matter of law constituted a part of the land was embraced in the levy and sale, and the legal effect of the sheriff's return could not be enlarged or restricted by parol evidence. In such a case the return is conclusive on the parties to the writ.

**When Chattels Are Regarded as Fixtures.**

> When chattels are attached to the realty or adapted to use in connection with the purpose for which the premises are being used and for which they are specially adapted, such chattels must be regarded, between vendor and vendee, as fixtures.

### APPEAL FROM METCALFE CIRCUIT COURT.

#### February 1, 1879.

OPINION BY JUDGE COFER:

The real question in this case was whether the screws were such fixtures as would pass by a conveyance of the land without other words in the deed than such as were sufficient to pass the land itself. The sheriff returned that he had levied on and sold the land, and whether the screws passed with it depended upon their relation to the land, and not upon the purpose, intent, or understanding of the sheriff who made the levy and sale. There was no ambiguity in the return. The land was levied on and sold, and, as matter of law, all that constituted part of the land was embraced in the levy and sale, and this legal effect of the return could not be either enlarged or restricted by parol evidence.

In such a case the return is conclusive on the parties to the writ. Nor could the rights of the purchasers be affected by the declaration of the sheriff made to Quinsenberry after the property had been knocked off to the plaintiffs in the execution.

The court therefore erred in permitting Skaggs to testify that he did not levy upon or sell the screws, and that he so notified Quinsenberry after the sale was over.

In *Thompson v. Morris,* 2 B. Mon. 35, there was a motion to quash the return or compel the sheriff to amend his return. That was a direct proceeding to correct a false or fraudulent return, whereas this is a collateral proceeding in which, while the return is left in full force, it is attempted to restrict its legal effect by parol evidence.

Whether the screws were fixtures is a question of more difficulty. As we understand the evidence they were attached to a frame which was attached to the freehold, but this is not always decisive. Nor is actual attachment to the freehold always essential to constitute a fixture.

The question whether chattels are to be regarded as fixtures depends less upon the manner of their annexation to the freehold than

upon their own nature and the use to which they are applied. *Jones v. Lusk*, 2 Met. 356. When attached to the realty or adapted to use in connection with the purpose for which the premises are being used and for which they are specially adapted, chattels must be regarded, between vendor and vendee, as fixtures.

The witnesses speak of the building as a "factory," and the evidence does not show that the building or the premises were used for any other purpose; the house was erected and the screws were put up before the appellee purchased, and he purchased the whole together, and the screws had remained in their original place and were used up to the time the sheriff went to execute the writ of habere facias. True, they are specially named in his deed, and while this may show that the parties then supposed they did not constitute part of the freehold, the fact that they were put in when the building was erected, and were continued there and sold with the land, and are used in connection with the handling or manufacture of tobacco, for storing which the building was erected and used, make them a part of the realty. These facts were undisputed, and whether they were fixtures was a question of law which should have been decided by the court. The court erred in the instructions given to the jury; but as they were not objected to we cannot reverse on that ground. We have thought proper, however, as the case must go back for the error in admitting the evidence of Skaggs, already adverted to, to lay down the law governing the case that it may be retried upon what we regard as correct legal principles.

Judgment *reversed,* and cause remanded for further proper proceedings.

*L. McQuown, for appellants.*

*A. Duvall, Compton &c., for appellee.*